# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

WILLIAM M. WINDSOR, :
    Plaintiff, :
     :
    v. : CIVIL ACTION NO.
     : 1:09-CV-2027-WSD
UNITED STATES OF AMERICA, :
et al., :
    Defendants. :

## OPINION AND ORDER

On July 27, 2009, William M. Windsor filed a 499-page complaint entitled "Verified Independent Action in Equity to Remedy Fraud Upon the Court, Independent Equitable Action for Relief from a Final Judgment, Complaint for Declaratory Judgment, Injunctive Relief, and Other Relief" [1]. Windsor also filed a number of other motions, incorporating by reference hundreds of pages of additional material. Windsor's Motion for Temporary Restraining Order and Interlocutory Injunction [11] will be heard on July 30, 2009. This matter is now before the Court on Windsor's: Motion to Approve Service of Process on Canadian Parties [3]; Motion for Waiver of Representation by Counsel and Motion to Allow Alcatraz Media, LLC and Alcatraz Media, Inc. to Assign All Rights in Civil Action No. 1:06-CV-714-

ODE [7]; Motion for Change of Venue [15]; and Motion to Recuse Judge William S. Duffey [17].

We deal first with Windsor's motion to recuse. The factual basis for that motion is Windsor's dissatisfaction with an order this Court entered in a related case in which Windsor was a defendant: *Maid of the Mist Corp. v. Alcatraz Media, LLC*, 1:09-CV-1543-WSD (N.D. Ga. filed June 10, 2009) ("*Maid of the Mist II*"). Windsor attached as "Exhibit A" to his motion for recusal in this case "an order signed by Judge Duffey against the Plaintiff" in *Maid of the Mist II*, and Windsor complains that: "Judge Duffey has a preconceived idea of this case from information that has come from outside the case" [17 at 2]. Windsor further complains that "Judge Duffey has previously called the Plaintiff 'scurrilous and irresponsible' when the Plaintiff was simply attempting to take the deposition of Judge [Orinda] Evans," *id.*, who presided over a third case in which Windsor was a party: *Maid of the Mist Corp. v. Alcatraz Media, LLC*, 1:06-CV-714-ODE (N.D. Ga. filed Mar. 28, 2006) ("*Maid of the Mist I*").

Windsor argues that recusal is required by 28 U.S.C. § 455 and the Code of Judicial Conduct for United States Judges [17 at 2].[1]  28 U.S.C § 455

---

[1] Windsor also asserts that recusal is required under "Rules of the State Bar of Georgia Code of Professional Conduct, all other relevant statutory and state and federal case law, as well as the Fifth, Sixth, Eighth, and Fourteenth

2

AO 72A
(Rev.8/82)

provides in pertinent part that any district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a) & (b)(1).[2] "The test under Section 455(a) is whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993). To warrant recusal or disqualification, any bias "must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). Crucially, "a judge's rulings in a *related* case may not ordinarily serve as the basis for recusal." *Chandler*, 996 F.2d at 1104 (emphasis added). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the

---

Amendments to the United States Constitution, the Constitution of the State of Georgia, and the Court's inherent powers" [17 at 2]. Windsor's motion for recusal, however, offers no meaningful argument on those grounds.

[2] The Code of Conduct for United States Judges includes parallel provisions, providing that: "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which . . . the judge has a personal bias or prejudice concerning a party." Canon 3C(1) of the Code of Judicial Conduct for United States Judges.

3

course of the current proceedings, or of *prior* proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (emphasis added). And "judicial rulings, routine trial administration efforts, and ordinary admonishments" are insufficient to require a judge's recusal. *Id.* at 556. Indeed, "judicial remarks during the course of [proceedings] that are critical or disapproving of, or even hostile to, [a party] ordinarily do not support a bias or partiality challenge." *Id.* at 555.

Neither this Court's ruling against Windsor nor this Court's admonishment of Windsor for improperly attempting to depose Judge Evans in the *Maid of the Mist* cases requires recusal in this case. "No objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the [Court's] impartiality." *Chandler*, 996 F.2d at 1104. This Court's prior rulings and admonishments do not demonstrate "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Windsor's Motion to Recuse Judge William S. Duffey [17] is **DENIED**.

Windsor's Motion for Change of Venue [15] is also **DENIED**. Windsor elected to file this action in this district. He can, and will, receive a fair hearing here. Windsor's dissatisfaction – no matter how extreme – with rulings entered in *Maid of the Mist* cases is not a basis for transferring this action to another judicial district.

Federal Rule of Civil Procedure 4 prescribes what Windsor must do to effect service on the defendants, including those he labels the "Canadian Parties." *See* Fed. R. Civ. P. 4(f) ("Serving an Individual in a Foreign Country"). Windsor's Motion to Approve Service of Process on Canadian Parties [3] – which asks that this Court *require* counsel who represented the "Canadian Parties" in the now closed *Maid of the Mist* cases to accept service on the "Canadian Parties'" behalf in this case – is **DENIED**.

Windsor's Motion for Waiver of Representation by Counsel and Motion to Allow Alcatraz Media, LLC and Alcatraz Media, Inc. to Assign All Rights in Civil Action No. 1:06-CV-714-ODE to Plaintiff William M. Windsor [7] is **DENIED**. Corporations and limited liability companies like Alcatraz Media, Inc. and Alcatraz Media, LLC must be represented by counsel in litigation. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *see also Cook v. Trinity Universal Ins. Co.*, 297 F. App'x 911, 912 (11th Cir. 2008) (same).

AO 72A
(Rev.8/82)

Furthermore, "federal courts have disapproved 'any circumvention of the rule [of corporate representation by counsel] by the procedural device of an assignment of the corporation's claims to the lay individual.'" *Palazzo*, 764 F.2d at 1386 (quoting *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983)).

"[T]o secure the just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, this Court **STAYS** all further activity in this case except as provided below. Windsor shall have until August 31, 2009, to serve the defendants in accordance with Federal Rule of Civil Procedure 4. Any defendant not served by that date may not be served thereafter without permission of the Court. All defendants served by August 31, 2009, shall have until September 21, 2009, to file motions to dismiss. Windsor shall have until October 5, 2009, to file a response. All defendants that filed motions to dismiss shall have until October 19, 2009, to file replies. No answer to Windsor's complaint shall be required nor shall any discovery be taken until this Court has ruled on the defendants' motions to dismiss and/or entered another order lifting this Stay and establishing a time for the filing of answers. Except as provided above, no party shall file any motion or other paper *in this case* without prior

leave of Court.[3] Leave of Court must be requested by filing a "Request for Specific Approval" and attaching as an *exhibit* to that request any proposed motion or other paper, together with all proposed attachments to the motion or other paper. Except for the motions to dismiss, response, and replies thereto provided for above, no motion or other paper shall be deemed properly filed after the entry date of this Order unless this Court has entered an order granting specific approval for filing. The parties are reminded that failure to obey a lawful order of this Court is grounds for dismissal. LR 41.3A(3), NDGa.

**IT IS SO ORDERED**, this 30th day of July, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Eleventh Circuit "has upheld pre-filing screening restrictions on litigious plaintiffs." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (citing cases).